Dear Mr. Ortego:
Your request for an Attorney General's Opinion has been forwarded to me for research and reply. I understand your question to be as follows:
 May a justice of the peace continue to perform marriage ceremonies after he retires?
The answer to your question is found in LSA R.S. 9:203, as amended by Act No. 710 of the 1991 Louisiana Legislative Session. However, before discussing the 1991 amendment, a brief review of the history of this provision of the law might be helpful. Former R.S. 9:202(B), enacted in 1985, read as follows: "Upon retirement from any of the courts enumerated in Sub-section A, a judge may continue to celebrate marriages within the same territorial limits authorized for that court" (Emphasis Added). The language of the statute clearly gave retired justices of the peace the authority to perform marriage ceremonies.
When this part of Title 9 was revised and reenacted in 1987, the content of former R.S. 9:202 was slightly amended and redesignated as R.S. 9:203. Sub-section A of revised Section 203 continued to set forth the places in which the various judges of the various courts in the state, including justices of the peace, were authorized to perform marriage ceremonies. However, Subsection B was amended slightly to simply read "A judge's authority to perform marriage ceremonies continues after he retires." (Emphasis Added). The specific mention of justices of the peace in Revised Statutes 9:202, 9:203(A), and 9:204, coupled with the failure to specifically mention them in R.S. 9:203(B), made it rather doubtful that the legislature intended to include justices of the peace in the term "judge".
Therefore, at the time you made your opinion request, there was, to say the least, very serious doubt that retired justices of the peace could legally perform marriage ceremonies.
The 1991 Legislature passed Act No. 710, initiated by the Justices of the Peace and Constables Association, to clarify this issue. This Act amended R.S. 9:203 to add "Section C", which states that:
 "A justice of the peace who has served a total of eighteen years in that capacity, and who thereafter voluntarily retires from office or chooses not to run for reelection, shall retain his authority to perform marriage ceremonies within the territorial limits authorized in Subsection A of this Section."
LSA R.S. 9:203 having been thus amended, it is the opinion of this office that any justice of the peace who has served in that capacity for a total of eighteen (18) years, and who voluntarily retires from that office, may continue to perform wedding ceremonies, within the parish in which his/her court was situated. However, it would appear that were a justice of the peace to leave office without completing eighteen years of service in that office, or if he/she left office due to defeat in an election, that that justice of the peace would not retain the authority to perform marriage ceremonies.
It should further be noted that the 1991 amendment also contained the following provision which now appears as a "Validating Provision" under R.S. 9:203:
 "The marriages of all persons whose marriage ceremonies were performed during the period January 1, 1988, through September 6, 1991, by a person who had formerly held the office of justice of the peace, but who, through retirement or otherwise, had left the office and was not actually a justice of the peace at the time the wedding ceremony was performed, are hereby declared to be legal and valid, if those marriages would have otherwise been legal and valid."
Therefore, it is the further opinion of this office that, if any retired justice of the peace performed marriage ceremonies during the period January 1, 1988 through September 6, 1991, those marriages are valid, if they were otherwise valid.
I hope that the foregoing adequately answers your question. If, however, additional information is needed, please feel free to contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES A. SMITH, II Assistant Attorney General
RPI/JAS:pb 2093s